...

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:18-cv-459-J-39MCR

PHEAP JOHNSON
    Plaintiff,

v.

MAC PAPERS, INC.
    Defendant.

_____/

## COMPLAINT

Plaintiff, PHEAP JOHNSON ("JOHNSON" or "Plaintiff"), hereby sues Defendant, MAC PAPERS INC. ("Defendant") and alleges as follows:

### NATURE OF ACTION

1. This action is brought under Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA") to redress Defendant's unlawful employment practices, including disability discrimination, and retaliation.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

3. Defendant's unlawful conduct was committed within the jurisdiction of the Jacksonville Division of the United States District Court for the Middle District of Florida.

4. Johnson has performed all conditions precedent necessary to the maintenance of this action under the ADA, including the timely filing of a charge of disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC")

1

5. Receipt of a Notice of Right to Sue from the EEOC with respect to said charge is attached hereto as Exhibit "A"

## PARTIES

6. Johnson resided in and is a citizen of Duval County, Florida at all times material to this action.

7. Johnson was employed by Defendant as a qualified person with a disability within the meaning of the ADA and at all times material to this action.

8. Defendant is MAC Papers, Inc. hereinafter referred to as ("MAC") and was Johnson's employer within the meaning the ADA at all times relevant to this action.

## FACTUAL BACKGROUND

9. Johnson was employed with the MAC for approximately 10 years until April 11th, 2017, holding the position of an operator.

10. Johnson's was responsible for the operation of machinery.

11. During her employment with Defendant, Johnson performed his job duties in a fully satisfactory manner.

12. Defendant was intentionally discriminating against Johnson for being a disabled employee.

13. At all times relevant to this action Johnson (a) suffered from one or more physical impairments which substantially limits one or more major life activities, (b) has a record of being disabled, and/or (c) was perceived by Defendant's as substantially limited in one or more major life activities.

14. Johnson suffered from physical impairments as defined by 29 C.F.R. § 1630.2(h) at all times relevant to this action in that she was in a major automobile accident, which result in various

physical impairments of a temporary yet severe nature.. Johnson's physical impairments affected one or major life activities, including, but not limited to, that she had physical restrictions that necessitated the need for light duty work. Ms. Johnson was not so disabled that a reasonable accommodation by Defendant prevent Johnson from working.

15. Ms. Johnson requested numerous times from Defendant, the ability to work on a light duty capacity so that she would be able to keep her job and provide for her family.

16. Defendant informed Ms. Johnson that light duty options for work did exist, but that they only existed for employee's who had also were awarded a worker's compensation claim.

17. Ms. Johnson's automobile accident happened outside the scope of her employment and thus a worker's compensation claim is unsupported. As a result, Ms. Johnson was prohibited from taking any light duty work, solely on the basis that she was not injured during the scope of her employment with Defendant.

18. Despite the foregoing, Defendant has refused to grant Johnson the accommodation she has requested make any good faith efforts to do so and/or engage in the interactive process mandated by federal and state law when an employee requests such an accommodation.

19. Defendant has failed to meet any of Plaintiff's patently reasonable requests for accommodation, nor would any accommodation cause an undue burden on Defendant, as Defendant does have light duty work available, and those light duty jobs were available at the time of Ms. Johnson's request.

20. Johnson has complained to Defendant regarding its failure to accommodate her request, highlighting the fact that light duty options were in fact available and, as a result, Defendant has retaliated against Johnson by subjecting her to further hostile and disparate treatment, specifically terminating her position.

21. Defendant's failure to accommodate Johnson left her with no alternative but to allow herself to be terminated and seek suitable positions elsewhere.

22. Johnson has been damaged by Defendant's illegal conduct and, as a result has had to retain the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

### COUNT I – FAILURE TO PROVIDE A REASONABLE ACCOMONDATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

33. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

34. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

36. Defendant violated the ADA by failing to accommodate Plaintiff and by otherwise discriminating against her.

37. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Declare Defendant's conduct to be in violation of the ADA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

B. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

C. Grant Plaintiff his costs and an award of reasonable attorney's fees (including expert fees); and

D. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT II - RETALIATION IN VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT

38. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

39. Plaintiff was in the protected ADA group at all times material to this action.

40. Defendant failed to provide a reasonable accommodation despite repeated requests from Plaintiff.

41. Plaintiff decried Defendant's failure to provide a reasonable accommodation.

43. Plaintiff opposed Defendant's unlawful employment practices predicated on disability discrimination and thereby engaged in protected activity under the ADA.

44. Defendant's hostile and disparate treatment of Plaintiff were causally related to her protected opposition to disability discrimination.

45. Defendant's purported reasons for subjecting Plaintiff to hostile and/or disparate treatment were a mere pretext for retaliation motivated by Plaintiff's opposition against Defendant's disability discrimination.

46. Plaintiff has been damaged by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

A. Declare Defendant's conduct to be in violation of the ADA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

B. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

C. Grant Plaintiff his costs and an award of reasonable attorney's fees (including expert fees); and

D. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

DATED THIS 3rd Day of APRIL 2018.

**POSTILLION LAW GROUP, LLC**

By:   /s/ **Christopher J. Kinnaman, Esquire**
Christopher J. Kinnaman, Esquire
Florida Bar No.:0114609
Chris@Postillionlaw.com
13400 Sutton Park Drive South, Suite 1603
Jacksonville, Florida 32224
Telephone: (904) 615-6621
Facsimile (888) 399-6710
Counsel for Plaintiff